## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHEN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| In Re: | Bankruptcy No. 11-43122 |
| James A. Stockdale<br>Chiwanda Z. Stockdale<br>              Debtor | Judge Jacqueline Cox<br><br>Chapter: 13 |

### AGREED ORDER RESOLVING MOTION TO DETERMINE VALUE OF COLLATERAL AND AGREED REAL ESTATE TAX AND HOMEOWNERS INSURANCE ESCROW DEFAULT ORDER CONDITIONING AUTOMATIC STAY

This Cause coming to be heard on Debtor's Motion to Determine Valuation of Collateral of JPMorgan Chase Bank, National Association which holds a first mortgage lien, the Court being duly advised in the premises, and due notice having been given to the partied entitled hereto:

IT IS ORDERED:

1. That the real estate commonly known as 4857 West Concord Place, Chicago, IL 60639 is valued at $155,000.00.

2. JPMorgan Chase Bank, National Association has filed a claim with a payoff amount of $181,913.77 with accruing interest to be paid by the standing Chapter 13 Trustee. Of that claim, $155,000.00 is deemed fully secured payable at 5.25% with fixed monthly payments paid by the Chapter 13 Trustee at $3,340.00 per month with total estimated payments,

including interest, on the claim at $172,544.68 and $26,913.77 is deemed unsecured. However, in the event of a dismissal of the case or conversion of the case, or if the stay is modified, the Respondent will reapply the funds received through the plan to the unpaid principal balance of the claim and the remaining unpaid portion will survive and attach to the lien which is evidenced by the mortgage dated May 9, 2003 and recorded as document number 0317120134 on June 20, 2003 in the Recorder's office of Cook County, Illinois.

3. Trustee shall disburse $4,595.30 to JPMorgan Chase upon confirmation of [*within 1st payment disbursement after*] the Chapter 13 Plan for post petition real estate taxes and insurance advanced by the Creditor (second installment of 2011 and first installment of 2012) (Taxes 10/11 $1,722.96; Taxes 2/7/12 $1,895.34 and Insurance 12/18/11 $977.00).

4. ~~Commencing within thirty (30) days~~ [*within 1st payment disbursement after*] the confirmation of the Debtor's plan, the Chapter 13 Trustee shall pay Creditor funds to be used as the escrow to pay real estate taxes and insurance on the property commonly known as 4857 West Concord Place, Chicago, IL 60639 currently in the amount of $374.63 per month and which is subject to periodic review and change.

5. If the Debtor completes his Chapter 13 plan payments prior to sixty (60) months after the date of filing and receives the Chapter 13 Discharge, but sells the real property commonly known 4857 West Concord Place, Chicago, IL 60639 within sixty (60) months after the date of filing, than

any amount realized by the Debtor over and above the "cramdown" payout of the first (1st) lien shall be paid to JPMorgan Chase (i.e. no wind fall to the Debtor).

6. If the Debtor fails to tender Chapter 13 plan payments to the Trustee's office that results in a two (2) month or greater default in plan payments, then the provisions of paragraph 7 and 8 below shall apply.

7. If the Debtor fails to comply with the terms of paragraph 6 above, then the automatic stay shall be modified without further order of the court to allow Respondent to proceed with foreclosure, eviction, or any other action to preserve and enforce its rights with regard to the property commonly known as 4857 West Concord Place, Chicago, IL 60639 PROVIDED that written notice of default shall be served on the Debtor, Debtor's Attorney, and the Chapter 13 Trustee. The Stay shall be modified upon the issuance of the notice of default. The Stay shall be modified upon the issuance of the notice of default unless paragraph 8 allows for cure in which case the Stay is modified upon the expiration of the cure term if Debtors fail to cure.

8. If a notice of default is issued, the Stay shall not be modified pursuant to paragraph 7 if Debtors cure by payment of the amount specified in the notice of default, which may include attorneys' fees not to exceed $100.00 incurred for the issuance of the notice of default, within 15 days of the mailing of the notice of default. In order to cure, funds must be paid in the form of certified check, money order or cashier's check payable to the

Chapter 13 Trustee at the offices of the Chapter 13 Trustee payment address. The 15 day period may be used as a grace period in which to cure defaults.

9. Upon full compliance with this order and the Debtor's receipt of a Chapter 13 Discharge pursuant to 11 U.S.C. 1328(a) in this case and upon successful completion of the debtor's Chapter 13 plan, Creditor will provide a release of the mortgage in accordance to the applicable state law as to the real property located at 4857 West Concord Place, Chicago, IL 60639.

DATED: JUN 2 5 2012

ENTER:

*Jacqueline P. Cox* J. Cox
Honorable Jacqueline Cox
United States Bankruptcy Judge

FISHER AND SHAPIRO, LLC
2121 Waukegan Road, Suite 301
Bannockburn, IL 60015
847-291-1717
11-050942